UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS VILLA, JR., and the HISTORIC IONE BAND OF MIWOK INDIANS TRIBE,<br><br>Plaintiffs,<br><br>v.<br><br>SALLY JEWELL, in her capacity as the Secretary of the DEPARTMENT of the INTERIOR, the DEPARTMENT of the INTERIOR, the BUREAU of INDIAN AFFAIRS, AMY DUTCHSKE, in her capacity as the Pacific Regional Director of the BUREAU OF INDIAN AFFAIRS, and JOHN DOE and MARY ROE, unknown BUREAU OF INDIAN AFFAIRS employees in their official capacities,<br><br>Defendants. | No. 2:16-CV-00503-KJM-KJN<br><br>ORDER |

This matter is before the court on defendants' motion to dismiss. ECF No. 16. Plaintiffs oppose defendants' motion. ECF No. 19. The court heard arguments on September 23, 2016; Mark Kallenback appeared on behalf of plaintiffs, and Victoria Boesch appeared on behalf of defendants. ECF No. 25. For the following reasons, the court GRANTS defendants' motion.

/////

/////

1

I.     BACKGROUND

    A.     Factual Allegations

Nicholas Villa, Jr. is the tribal leader of the Historic Ione Band of Miwok Indians Tribe (the "Tribe"). Second Am. Compl. ("SAC") ¶ 3, ECF No. 14. The Department of the Interior is a Cabinet-level agency that manages America's natural and cultural resources through a number of government agencies, including the Bureau of Indian Affairs ("BIA"). *Id.* ¶ 5. The BIA provides services to federally recognized American Indian Tribes directly and through contracts, grants and compacts. *Id.* ¶ 8. The Tribe is a federally recognized tribe located in Ione, California. *Id.* ¶¶ 17, 31–32, 37–38.

The Tribe maintains a membership roll composed of descendants of the Tribe based upon historic membership lists. *Id.* ¶ 46. In the 1990s there was an internal power struggle within the Tribe concerning the Tribe's leadership and membership rolls. *See generally id.* In 1994, in accordance with its new constitution and membership ordinance, plaintiff Villa was the leader of the thirty-two member Tribe. *Id.* ¶¶ 47–48. However, some Tribe members contested Villa's leadership. *Id.* ¶ 49. Mediation between the Tribe members, including Villa, failed in 1995. *Id.* ¶ 51. Thereafter, the BIA established Enrollment and Election Committees, *id.* ¶ 60, and in 1996 held the election of an Interim Tribal Council. *Id.* ¶ 62. Many of the individuals the BIA allowed to vote for the Interim Tribal Council were not members and had no affiliation with the Tribe, *see id.* ¶ 63, and the majority of the Tribe's genuine members were excluded from the membership rolls, *id.* ¶ 57.

    B.     Procedural Background

Plaintiffs filed their first complaint in this case on March 9, 2016. ECF No. 1. They filed their first amended complaint on July 1, 2016, ECF No. 12, and their second amended complaint on August 1, 2016. In their second amended complaint, plaintiffs plead three claims: (1) Declaratory Judgment; (2) Injunctive Relief; and (3) Voting Rights. SAC at 25–28. Within these "claims," plaintiffs allege violations of the Indian Reorganization Act ("IRA"), 25 U.S.C. § 476(f), (g), and (h). *Id.*

/////

1    On August 5, 2016, defendants filed a motion to dismiss arguing, among other
2 reasons, lack of subject-matter jurisdiction, failure to join a party, and the applicable statute of
3 limitations bars plaintiffs' claims.  Defs.' Mot., ECF No. 16.  Plaintiffs oppose defendants'
4 motion, Pls.' Opp'n, ECF No. 19, and defendants replied, Defs.' Reply, ECF No. 23.
5 II.    ANALYSIS
6        A.    Rule 12(b)(1): Subject Matter Jurisdiction
7           Defendants' motion relies in part on Federal Rule of Civil Procedure 12(b)(1),
8 contending plaintiffs' complaint "fails to allege facts sufficient to establish subject matter
9 jurisdiction."  Defs.' Mot. at 4.  Plaintiffs respond by arguing only that their second amended
10 complaint "sets out in significant detail the factual bases . . . that implores [sic] the Court to
11 declare that the Historic Ione Band of Miwok Indians is a federally recognized Indian Tribe . . . .
12 Defendants' argument that [p]laintiffs' [complaint] fails to allege facts sufficient to establish
13 subject matter jurisdiction [ ] must be rejected given the extensive facts pled."  Pls.' Opp'n at 12.
14           It is black-letter law that "[f]ederal courts are courts of limited subject matter
15 jurisdiction."  *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016).  As the Supreme Court has
16 explained, "[federal courts] possess only that power authorized by Constitution and statute, which
17 is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited
18 jurisdiction, and the burden of establishing the contrary rests upon the party asserting
19 jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
20           Plaintiffs' first two claims are for declaratory judgment and injunctive relief.  Pls.'
21 Opp'n at 25–27.  However, as defendants correctly observe, *see* Defs.' Mot. at 4, claims for
22 declaratory and injunctive relief are not properly styled as claims but rather are requests for
23 specific remedies.  *See, e.g.*, *Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp.*,
24 642 F.3d 849, 853 (9th Cir. 2011) (observing that Declaratory Judgment Act "in no way modifies
25 the district court's jurisdiction, which must properly exist independent of the Declaratory
26 Judgment Act"); *see also Birdman v. Office of the Governor*, 677 F.3d 167, 172 (3d Cir. 2012)
27 (injunction is remedy, not cause of action); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092,
28 /////

1098 (11th Cir. 2004) (same).  Plaintiffs' first two claims do not confer upon this court subject matter jurisdiction.

Plaintiffs' third claim alleges defendants violated the IRA "when they encouraged, promoted and permitted non-tribal parties to become members of the Mock Tribe under the guise of a federally recognized Tribe."  SAC ¶ 105 (citing 25 U.S.C. § 476 (f) (g) and (h)).  Defendants argue violations of the IRA "do not create any private right of action."  Defs.' Mot. at 5.  By way of response, plaintiffs say they "have not pled 25 U.S.C. § 476 (f), (g), and (h) as a private cause of action."  Pls.' Opp'n at 13:17.  They suggest they instead simply "ask the Court to order the BIA to be law abiding and not to violate 25 U.S.C. § 476(f), (g) and (h)."  *Id.* at 13:18-20.  In the Second Amended Complaint, in the pleadings making up this third claim, plaintiffs request an order enjoining those who are not legal members of the Tribe from voting.  SAC ¶ 106. Plaintiff's pleadings and argument place their third claim in the realm of a request for injunctive relief, which, as explained above, does not serve as a ground for exercise of jurisdiction.

Plaintiffs request leave to amend their second amended complaint to "identify 28 U.S.C. § 1361 as a basis for this Court's jurisdiction."  Pls.' Opp'n at 12.  Section 1361 confers on district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  However, as with the law providing for declaratory and injunctive relief, the mandamus "statute does not provide an independent ground for jurisdiction."  *Starbuck v. City & Cty. of San Francisco*, 556 F.2d 450, 459 n.18 (9th Cir. 1977); *see also White v. Adm'r of Gen. Servs. Admin. of U. S.*, 343 F.2d 444, 447 (9th Cir. 1965) (observing that mandamus statute "does not create new liabilities or new causes of action against the United States Government or its officials").

The court therefore finds plaintiffs have not pled a claim allowing this court's exercise of subject matter jurisdiction, and amendment would be futile.

B.   Statute of Limitations

Even if the court had jurisdiction otherwise, the applicable statute of limitations has long run.

4

The disputes giving rise to this case date back to the 1990s. *See, e.g.*, SAC ¶¶ 51, 54, 92–94, 105. The disputes culminated in the election of what plaintiffs term the "Mock Tribe" in 1996. *See id.* ¶¶ 61–86. Defendants contend that, as a result of the age of the disputes, "the applicable statute of limitations bars any claims regarding the Tribe's 1996 election and membership decisions." Defs.' Mot. at 9. Plaintiffs respond that "[d]isputes concerning the Mock Tribe's 1996 election and tribal membership decisions do not pertain to the subject matter of the instant litigation and are not at issue . . . . [T]he issue before the Court is the matter of the federal government's recognition of the Tribe." Pls.' Opp'n at 18. Plaintiffs' response is undermined by the whole of their complaint, which focuses virtually entirely on alleged violations that occurred in the 1990s. *See generally* SAC.

"Indian Tribes are not exempt from statutes of limitations governing actions against the United States." *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990). The applicable statute of limitations regarding the BIA's conduct is six years based on 28 U.S.C. § 2401,[1] and the statute began to accrue at the time the agency's actions became final. *Aguayo v. Jewell*, 827 F.3d 1213, 1217 (9th Cir. 2016) (applying six year statute of limitations to an Administrative Procedure Act action against the BIA). Because the BIA's actions became final more than six years ago, plaintiffs' challenge is also time-barred. *See id.* Amendment of the complaint also would be futile for this reason. *See Rivas v. Napolitano*, 714 F.3d 1108, 1113 (9th Cir. 2013) (dismissal for lack of subject matter jurisdiction "is proper only 'where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987))).

/////

/////

/////

---

[1] 28 U.S.C. § 2401(a) provides, in pertinent part: "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

III.    CONCLUSION

      Because plaintiffs have not shown this court has subject-matter jurisdiction, and amendment of the complaint would be futile, defendants' motion to dismiss is GRANTED.  This action is DISMISSED WITH PREJUDICE.

      IT IS SO ORDERED.

DATED:  March 22, 2017.

_____
UNITED STATES DISTRICT JUDGE